IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD THOMAS KENNEDY,
800 Court Street, Apt. 223
Reading, PA 19601,
       Plaintiff,

v.

Case: 1:19-cv-02766 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 9/13/2019
Description: Pro Se Gen. Civ. (F-DECK)

ROBERT H. HODGES, individually and officially,
717 Madison Place, NW
Washington, DC 20439,
ERIC G. BRUGGINK, individually and officially,
717 Madison Place, NW
Washington, DC 20439,
MARGARET M. SWEENEY, individually and officially,
717 Madison Place, NW
Washington, DC 20439,
VICTOR J. WOLSKI, individually and officially,
717 Madison Place, NW
Washington, DC 20439, and
UNITED STATES COURT OF FEDERAL CLAIMS,
717 Madison Place, NW
Washington, DC 20439,

       Defendants.

**COMPLAINT**

Take Judicial Cognizance and Notice

    1.    In accordance with the provisions of 28 U.S.Code § 636, the Plaintiff declines to have a United States Magistrate Judge conduct any proceedings in this case, and the Plaintiff hereby requests that this case be assigned to United States District Judge.

**NOTICE**

1

a.  The Law of the Case, Exhibit "1" Law of the Case, is incorporated by reference as though fully stated herein.
c.  28 U.S. Code § 1361.
c.  18 U.S. Code § 1001(b).

2.  Defendant United States Court of Federal Claims is a court of record, and is not an Article III Court, and is not an administrative court. Court of record is defined in detail in Exhibit 1, attached to this complaint.

## I. PRELIMINARY STATEMENT

3.  I, Edward Thomas Kennedy, (hereinafter "Kennedy" or "Plaintiff") am one of the people of Pennsylvania, and in this court of record, hereby bring this action against the United States Court of Federal Claims, (hereinafter "Fed. Cl." and/or "Defendant Fed. Cl."), Victor J. Wolski, (hereinafter "Wolski and/or" "Defendant Wolski") individually and officially as a Judge employed at the Defendant Fed. Cl., and Robert H. Hodges, (hereinafter "Hodges" and/or "Defendant Hodges") individually and officially as a Judge employed at the Defendant Fed. Cl., Margaret M. Sweeney (hereinafter "Sweeney" and/or "Defendant Sweeney") individually and officially as a Judge employed at the Defendant Fed. Cl., Eric G. Bruggink, (hereinafter "Bruggink" and/or "Defendant Bruggink") individually and officially as a Judge employed at the Defendant Fed. Cl., and collectively, where appropriate, "Defendants" under 42 U.S. Code § 1983 and § 1985 seeking redress for the extraordinary misconduct of four Judges employed at the Defendant Fed. Cl., who conspired to and ultimately did use improper, unlawful, and unconstitutional means to falsely and unlawfully deny the Plaintiff justice and relief arising out of incidents that occurred in the District of Columbia.

4.  The actions and conduct of the above-identified Defendants Judges were the results of unlawful and deficient policies, practices, customs, and deliberate indifference on the part of Defendant Fed. Cl., including the failure to take disciplinary and remedial action against the above-identified Defendant Judges and despite documented, well-known instances and/or

records of judicial misconduct, and abuses of authority or power and the obvious direct, conflicts of interest present in and surrounding the within Plaintiff's Claims in Fed. Cl. on the part of all the Defendants.[1]

5. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (1), (3, (4) and the aforementioned statutory provision. The within action is also filed pursuant to the Civil Rights Act of 1871, 42 U.S.C. section 1983, section 1985 and 28 U.S.C. section 1343 and seeks redress for the deprivation of the Plaintiff's Due Process and other Constitutional rights.

6. The plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. 1367(a) to adjudicate any state law claims.

7. The venue is proper in the D.D.C., as all the acts actions and failure to act or admissions complained of herein occurred in the District of Columbia.

II. **JURISDICTION**

8. This court has jurisdiction over this action under 28 U.S.C. section 1331 and 1343 (a) (3) for a violation of Constitutional rights and provided in 42 U.S.C. sections 1983 and 1985.

9. The Plaintiff seeks monetary and compensatory damages as well as attorney fees and costs pursuant to 42 U.S.C. section 1988.

10. The Plaintiff brings this action against the Defendants to address the deprivation of rights secured him by the Due Process Clause, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, as protected under 42 U.S.C. section 1983 and under section 1985 and under a common law claim(s).

---

[1] Plaintiff filed four Judicial Misconduct Complaints against the Defendants, and all four complaints were denied. The Plaintiff avers that Fed. Cl. is not able to self-regulate and its Judges place the personal economic interests of the entire legal profession before the rights of we the people.

11. The Plaintiff is one of the people of Pennsylvania, and a resident of the Commonwealth of Pennsylvania.

12. The Defendant United States Court of Federal Claims is a corporation with headquarters in the District of Columbia. Said defendant is a court of record.

13. The Defendants Bruggink, Sweeney, Wolski and Hodges are presumed to be U.S. Citizens, who took oaths to tell the truth and obey the law.

14. The Defendants Bruggink, Sweeney, Wolski and Hodges are employed by the Defendant United States Court of Federal Claims in the District of Columbia.[2]

15. The matter in controversy exceeds the sum of $250,000, excessive interest, attorneys fees, and costs.

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1331, 1332, 1343 (a) (3), and 42 U.S.C. sections 1983 and 1985.

17. The Plaintiff also invokes supplemental jurisdiction of this court over any of Plaintiff's state claims against Defendants for common law violations pursuant to 28 U.S.C. section 1367 as the common law claim(s) form part of the same controversy.

18. The venue is proper in this District pursuant to 28 U.S.C. section 1931.

III. **PARTIES**

19. The Plaintiff, Edward Thomas Kennedy, is one of the people of Pennsylvania, and an adult individual and a resident of the Commonwealth of Pennsylvania, domiciled and/or residing at 800 Court Street, Apt. 223, Reading, PA 19601.

20. The Defendant, United States Court of Federal Claims, is a corporation, and a federal government agency with a headquarters address of 717 Madison Place, NW, Washington, DC 20439.

---

[2] The Defendant court is not an Article III Court, but it is a court of record.

21. The Defendant is Victor J. Wolski, an adult individual, and his resident address is unknown, and is employed at 717 Madison Place, NW, Washington, DC 20439.

22. The Defendant is Robert H. Hodges, an adult individual, and his resident address is unknown, and is employed at 717 Madison Place, NW, Washington, DC 20439.

23. The Defendant is Margaret M. Sweeney, an adult individual, and her resident address is unknown, and is employed at 717 Madison Place, NW, Washington, DC 20439.

24. The Defendant is Eric G. Bruggink, an adult individual, and his resident address is unknown, and is employed at 717 Madison Place, NW, Washington, DC 20439.

26. The Defendant, United States Court of Federal Claims is a court of record, and is not an administrative Court.[3]

27. At all times material and relevant to the allegations contained in this Complaint, Defendant Wolski was acting within the nature and scope of the Defendant's official duties as a duly appointed Judge of the Defendant Fed. Cl.

28. At all times material and relevant to the allegations contained in this Complaint, Defendant Sweeney was acting within the nature and scope of the Defendant's official duties as a duly appointed Judge of the Defendant Fed. Cl.

29. At all times material and relevant to the allegations contained in this Complaint, Defendant Bruggink was acting within the nature and scope of the Defendant's official duties as a duly appointed Judge of the Defendant Fed. Cl.

---

[3] The United States Court of Federal Claims is a court of record with national jurisdiction.
The United States Court of Federal Claims was recreated in October 1982 by the Federal Courts Improvement Act pursuant to Article 1 of the United States Constitution.
Published link is here:
*https://www.google.com/search?q=United+States+Court+of+Federal+Claims+is+a+court+of+record%2C&rl z=1CAHKDC_enUS779US779&oq=United+States+Court+of+Federal+Claims+is+a+court+of+record%2C&a qs=chrome..69i57.1084j0j4&sourceid=chrome&ie=UTF-8*

30. At all times material and relevant to the allegations contained in this Complaint, Defendant Hodges was acting within the nature and scope of the Defendant's official duties as a duly appointed Judge of the Defendant Fed. Cl.

31. Defendants Sweeney, Wolski, Hodges, and Bruggink at all times material and relevant to the allegations contained in this Complaint, were acting under color of law, of a statute, ordinance, regulation, custom, usage, or policy of the United States of America.

32. Defendants Sweeney, Bruggink, Wolski, and Hodges, at all times material and relevant to the allegations contained in this Complaint, were acting within the nature and scope of the Defendant's official duties as Judges at Fed. Cl.

33. And all relevant times, all the above-identified Defendants were acting in concert or conspired with each other and the resulting unlawful actions and abuse of power deprived the Plaintiff of his Constitutional, Due Process and statutory rights.

34. At all times relevant to this Complaint, all Defendants acted under the color of state law.

## IV.   FACTS

35. Individual Defendants herein are not Article III Judges. In a court of record, a judge has no discretion. Judicial immunity is a myth when a judge exceeds the court's jurisdiction and injures the Plaintiff in loss of rights.[4]

36. Res ipsa loquitur, in a court of record in the Fed. Cl., Defendant Margaret M. Sweeney in Case No: 18-cv-1029, in Document 6, on 07/26/18 trespassed on the case, and

---

[4] Under Federal Rules of Evidence 902 the facts stated herein are self-authenticating evidence because the facts are part of the official public record. Absolute Judicial immunity is a myth. A Judge does not have absolute immunity. Judicial immunity does not apply when the following conditions exist: a. when he is performing a non-judicial act, or b. when he acts in the complete absence of all jurisdiction.

6

exceeded the courts jurisdiction, and because she exceeded the court's jurisdiction, injured the Plaintiff in loss of rights.

37.	Res ipsa loquitur, in a court of record in the Fed. Cl., Defendant Robert H. Hodges, in Case No: 18-cv-1030, in Document 8, on 10/25/18 trespassed on the case, and exceeded the courts jurisdiction, and because he exceeded the court's jurisdiction, injured the Plaintiff in loss of rights.

38.	Res ipsa loquitur, in a court of record in the Fed. Cl., Defendant Victor J. Wolski in Case No: 18-cv-830, in Document 7, on 07/02/18, and in Case No: 18-cv-826, in Document 9, on 07/02/18, trespassed on the case, and exceeded the courts jurisdiction, and because he exceeded the court's jurisdiction, injured the Plaintiff in loss of rights.

39.	Res ipsa loquitur, in a court of record in the Fed. Cl., Defendant Eric G. Bruggage in Case No: 18-cv-942, in Document 7, on 07/27/18, and in Case No: 18-cv-1006, in Document 5, on 07/27/18, trespassed on the case, and exceeded the courts jurisdiction, and because he exceeded the court's jurisdiction, injured the Plaintiff in loss of rights.

## V. DAMAGES

40.	In a court of record, a Judge has no discretion and no immunity when the Judge exceeds the courts jurisdiction, and injures the Plaintiff in loss of rights.

41.	As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has been caused to suffer damages and injuries due to loss of rights. Damages and injuries claimed are due to loss of rights.

42.     As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has Cause to suffer emotional stress, by the ultimate dismissal of Plaintiff's claims and Judgements by the Defendants at the Fed. Cl. cited in facts herein.

43.     As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has been caused to suffer severe anxiety, and embarrassment.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a)     Awarding compensatory damages to the Plaintiff for emotional stress, abuse of process, bad faith and negligence for $6,000,000.00;
(b)     Awarding compensatory damages to the Plaintiff for past legal expenses, and costs, research expenses, photocopies, postage, and attorney fees, In the approximate amount of $15,000 for Plaintiff's costs in the Fed. Cl. claims named herein;
(c)     Awarding punitive damages against Sweeney, Wolski, Hodges, and Bruggink;
(d)     Awarding the cost of this action, together with reasonable attorney fees and expenses;
(e)     Awarding compensatory damages to the Plaintiff for unpaid claims, lost wages, travel expenses, and other monetary damages in the presently undetermined amount;
(f)     Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;
(g)     Granting such other and further relief as the court deems appropriate and just.

**First Cause of Action**
**Federal Civil Rights Violations**

**Violation of Constitutional Rights Guaranteed Under the**
**Fourth, Fifth and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1985**

**Edward Thomas Kennedy**
**v.**
**Defendants Margaret M. Sweeney, Victor J. Wolski,**
**Eric G. Bruggink and Robert H. Hodges**

44.     The Plaintiff incorporates paragraphs 1 through 43 of this Complaint by reference as if fully set forth at length herein.

45. As a direct and proximate result of the Defendant's conduct, committed under the color of state law, the Plaintiff was deprived of his right to justice and his right to fair and balanced trials in a court of record.

46. As a direct and proximate result of the Defendant's conduct, committed under the color of state law, the Plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments, and 42 U.S.C. §§ 1983 and 1985 in his claims against the United States of America.

47. The dismissal of the Plaintiff's claims against the United States of America was all done without reasonable and or justifiable grounds for said Defendants to believe the Plaintiff had no right to justice.

48. The Defendants Wolski, Sweeney, Bruggink, and Hodges knew they lacked authority to dismiss Plaintiff's claims in a court of record but did so intentionally and maliciously.[5]

49. The Defendants Wolski, Sweeney, Bruggink and Hodges knowingly dismissed the claims of the Plaintiff and said dismissal is the product of a conspiracy between them and Defendant Fed. Cl.

50. As a result of the above concerted efforts of all the Defendants, resulting in fake justice, the Defendants denied the Plaintiff justice intentionally and/or with deliberate indifference and callous disregard of the Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. §§ 1983 and 1985.

---

[5] In a court of record, a Judge has no discretion. The Defendant Judges named herein are presumed to know the law and comply with the law as written. See also A Republic, If You Can Keep It, by Justice Neil Gorsuch who reflects on the role of the judge under the Constitution of the United States, link here: https://www.amazon.com/Republic-If-You-Can-Keep/dp/0525576789/ref=sr_1_1?keywords=gorsuch&qid=1568207874&s=gateway&sr=8-1.

51. "The very meaning of 'sovereignty' is that the decree of the sovereign makes law." [6]

52. We the people do not yield our sovereignty to those who serve us. The Plaintiff is one of the people.

53. The Defendants are to serve the people, and because they failed to serve the Plaintiff in his claims against the United States of America, the Defendants knowingly and intentionally violated their oaths of office to obey the law and tell the truth.

54. The Plaintiff is entitled to punitive damages due to the intentional, malicious, wanton and willful misconduct of the Defendants Sweeney, Wolski, Hodges, and Bruggink.

55. As a result of the proximate result of the intentional, malicious, wanton and willful actions of the Defendants, the Plaintiff suffered damages as aforesaid which are Incorporated by reference as if fully set forth herein.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a) Awarding compensatory damages to the Plaintiff for emotional stress humiliation embarrassment and anxiety;
(b) Awarding compensatory damages to the Plaintiff for past legal expenses, and costs, research expenses, photocopies, postage, and attorney fees, In the approximate amount of $15,000 for Plaintiff's costs in the Fed. Cl. claims named herein;
(c) Awarding punitive damages against Sweeney, Wolski, Hodges, and Bruggink;
(d) Awarding the cost of this action, together with reasonable attorney fees and expenses;
(e) Awarding compensatory damages to the Plaintiff for unpaid claims, lost wages, travel expenses, and other monetary damages in the presently undetermined amount;
(f) Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;
(g) Granting such other and further relief as the court deems appropriate and just.

**Second Cause of Action**
**Federal Civil Rights Violations**

---

[6] See American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047.

**Violation of Constitutional rights guaranteed under the
Fourth, Fifth and Fourteenth Amendments and 42 U.S.C. § 1983**

**Edward Thomas Kennedy
v.
Defendant United States Court of Federal Claims**

56. The Plaintiff incorporates paragraphs 1 through 55 of this Complaint by reference as if fully set forth at length herein.

57. The Defendant, Fed. Cl., employs Judges, including the Defendants Wolski, Sweeney, Bruggink and Hodges, described in the foregoing paragraphs.

58. As a result, the Defendant, Fed. Cl., had the responsibility, duty, authority and ability to control the actions of Defendants Wolski, Sweeney, Bruggink and Hodges.

59. Defendant, Fed. Cl., took no steps to prevent, correct or remedy the conduct of the Defendants Wolski and Hodges, whom they had the affirmative duty and ability to control.

60. It is believed and therefore that, the Defendant, Fed. Cl., knew that Defendants Wolski, Sweeney, Bruggink and Hodges were capable of engaging in the unlawful and illegal filing false paperwork due to prior incidents, investigations, and complaints of judicial misconduct by the Plaintiff.

61. Defendant, Fed. Cl. had actual or constructive knowledge that Defendants Sweeney, Bruggink Wolski and Hodges had or were engaging in the unlawful and illegal acts in the Plaintiff's claims in cases cited herein and to prior incidents and investigations.

62. Through its policy, customs and or practice, Defendant, Fed. Cl., knowingly allowed Defendants Sweeney, Bruggink, Wolski and Hodges to violate the Constitutional rights of the Plaintiff.

63. Defendant, Fed. Cl. failed to take appropriate remedial measures to prevent misconduct of this nature.

64. Defendant, Fed. Cl., allowed, tolerated, and encouraged the Defendants Wolski, Sweeney, Bruggink and Hodges to continue engaging in conduct in which it knew to be illegal, unconstitutional and/or in violation of the Constitutional rights of the Plaintiff and others.

65. This policy, custom and/or practice encouraged and caused the Constitutional violations by the Defendants Sweeney, Bruggink, Wolski and Hodges, including the violation of the Plaintiff's Constitutional rights as described in the foregoing paragraphs.

66. At all times pertinent hereto, Defendant, Fed. Cl., refused and/or failed to adequately train, direct, supervise, or control the Defendant Wolski, Sweeney, Bruggink and Hodges to prevent the violation of the Plaintiff's Constitutional rights.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a) Awarding compensatory damages to the Plaintiff for emotional stress, abuse of process, bad faith and negligence for $6,000,000.00;
(b) Awarding compensatory damages to the Plaintiff for past legal expenses, and costs, research expenses, photocopies, postage, and attorney fees, In the approximate amount of $15,000 for Plaintiff's costs in the Fed. Cl. claims named herein;
(c) Awarding punitive damages against Sweeney, Wolski, Hodges, and Bruggink;
(d) Awarding the cost of this action, together with reasonable attorney fees and expenses;
(e) Awarding compensatory damages to the Plaintiff for unpaid claims, lost wages, travel expenses, and other monetary damages in the presently undetermined amount;
(f) Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;
(g) Granting such other and further relief as the court deems appropriate and just.

### Third Cause of Action
### Supplemental State claims

### Intentional and Infliction of Emotional Distress
### Abuse of Process, Bad Faith and Negligence

### Edward Thomas Kennedy
### v.
### Defendants Margaret M. Sweeney, Victor J. Wolski,

**Robert H. Hodges, and Eric G. Bruggink**

67. The Plaintiff incorporates paragraphs 1 through 66 of this Complaint by reference as if fully set forth at length herein.

68. Defendant Sweeney conspired with Defendants Bruggink, Wolski and Hodges by failing to obey the law as written and failed to obey her oath of office as President of the corporation Fed. Cl.

69. Defendant Fed. Cl. conspired with Defendants Sweeney, Wolski, Hodges, and Bruggink by failing to obey the law as written and trespassed on the case.

70. The Defendants Sweeney, Wolski, Hodges, and Bruggink intentionally inflicted emotional distress on the Plaintiff and/or did so negligently by failing to administrate file Plaintiff's claims against the United States of America.

71. The Defendants knew or should have known, the Plaintiff would experience significant emotional stress and anxiety by failing to perform their duty owed to the Plaintiff.

72. The Defendants Sweeney, Wolski, Hodges, and Bruggink used improper and unconstitutional means to abuse the civil process of procedure, practice, obligation and duty of the Fed. Cl.

73. The Plaintiff incorporates paragraphs 1 through 72 of this Complaint by reference as if fully set forth at length herein.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a) Awarding compensatory damages to the Plaintiff for emotional stress, abuse of process, bad faith and negligence for $6,000,000.00;
(b) Awarding compensatory damages to the Plaintiff for past legal expenses, and costs, research expenses, photocopies, postage, and attorney fees, In the approximate amount of $15,000 for Plaintiff's costs in the Fed. Cl. claims named herein;
(c) Awarding punitive damages against Sweeney, Wolski, Hodges, and Bruggink;
(d) Awarding the cost of this action, together with reasonable attorney fees and expenses;

(e)  Awarding compensatory damages to the Plaintiff for unpaid claims, lost wages, travel expenses, and other monetary damages in the presently undetermined amount;

(f)  Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;

(g)  Granting such other and further relief as the court deems appropriate and just.

## VI. LAW OF THE CASE

74.  Exhibit "1" Law of the Case is incorporated by reference as though fully stated herein.

75.  The Constitution of the United States is the supreme law of the land, and pursuant to Evidence Rule 902, the evidence presented herein is self- authenticating because the source of the evidence is United District Court of Federal Claims ("Fed. Cl.") docket files.

## VII. VERIFICATION

76.  I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Date: September 11, 2019.

Respectfully submitted,

*[signature]*

Edward Thomas Kennedy, Plaintiff.
800 Court Street, Apt 223
Reading, PA 19601.
Phone: 415-275-1244.
Fax: 570-275-1244
Email: pillarofpeace2012@gmail.com

*Plaintiff is Self-represented.*

**Attached**

Exhibit "1" Law of the Case, Eight (8) pages.

**Notice**

Notice of Constitutional Question forthcoming for US Attorney General Bill Barr.

14