UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 08 2019
Clerk, U.S. District and
Bankruptcy Courts

EDWARD THOMAS KENNEDY, )
)
    Plaintiff, )
)
v. )   Civil Action No. 19-2766 (UNA)
)
ROBERT H. HODGES, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* Complaint, which is accompanied by an application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint.

Plaintiff alleges that judges of the United States Court of Federal Claims violated his right to due process when each dismissed a case plaintiff had filed in that court. *See* Compl. ¶¶ 36-39. As compensation for the monetary losses and emotional distress plaintiff has suffered, he demands compensatory damages totaling $6,015,000 plus punitive damages.

Any actions the defendant judges have taken were in their judicial capacity. Plaintiff's claims against them cannot survive because the defendants enjoy absolute immunity from suit. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the

doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)."); *see also Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in damages").

The Court grants plaintiff's application to proceed *in forma pauperis* and dismisses the complaint and this civil action. An Order is issued separately.

DATE: October 7th, 2019

CHRISTOPHER R. COOPER
United States District Judge